ORDER
FORDHAM, JUDGE:
An application of the claimant, Steve A. Browning, for an award under the West Virginia Crime Victims Compensation Act, was filed February 17, 2005. The report of the Claim Investigator, filed August 9,2005, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on December 14, 2005, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed January 17, 2006. This matter came on for hearing March 29, 2006, the claimant appearing in person, and Assistant Attorney General Ronald R. Brown for the State of West Virginia.
On January 6, 2005, the 49-year-old claimant was the victim of criminally injurious conduct in Madison, Boone County. The claimant was at his residence when the offender, Russell Gillenwater, came inside with a gun and shot Mr. Browning in the head.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant was not an innocent victim of crime. W. Va. Code §14-2A-3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant... that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity hi time or space to the criminally injurious conduct has causal relationship to the criminally injurious conduct that is the basis of the claim...”
The claimant testified at the hearing of this matter that on the morning of the incident he had been in his bed asleep when he heard a knock on the door. When he asked who was at the door, a voice answered that it was Christina. Mr. Browning, thinking that it was his oldest daughter, Christina, opened the door. The offender, Russell Gillenwater, was standing behind the woman with a gun. Mr. Gillenwater came into the claimant’s residence and struggled with Mr. Browning. The claimant testified that Mr. Gillenwater shot at him three times, and the third bullet struck him in the head. Mr. Browning stated that he had no idea why Mr. Gillenwater came to his home on the morning of the incident. He testified that he is on prescription medication but that he does not sell it to anyone.
The Claim Investigator’s original finding was that the claimant was guilty of contributory misconduct within the meaning of the statute. The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that he was not guilty of contributory misconduct. The Court is of the opinion that Mr. Browning has met this burden. There was no evidence presented that the claimant was guilty of contributory misconduct. The claimant testified that he was at home sleeping just prior to the incident and that he did not know the offender.
The Court is constrained by the evidence to reverse its previous ruling and find that the claimant was not guilty of contributory misconduct. Therefore, an award shall be granted.
*216 The Claim Investigator is hereby ordered to complete an economic analysis of the claimant’s unreimbursed allowable medical expenses for further review by the Court.